## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LIFE EXTENSION FOUNDATION , INC.    )
3600 West Commercial Blvd.    )
Ft. Lauderdale, FL    33309    )
    )
      Plaintiff,    )
    )
      v.    )    Case No. _____
    )
INTERNAL REVENUE SERVICE,    )
<u>Serve</u>:  Internal Revenue Service    )
       Commissioner's Office    )
       1111 Constitution Avenue, N.W.    )
       Washington, D.C. 20224    )
    )
       and    )
    )
       Ronald C. Machen, Jr.    )
       United States Attorney for the    )
         District of Columbia    )
       555 4th Street, N.W.    )
       Washington, D.C. 20530    )
    )
       and    )
    )
       Eric H. Holder, Jr.    )
       Attorney General of the United States    )
       U.S. Department of Justice    )
       950 Pennsylvania Avenue, N.W.    )
       Washington, D.C. 20530-0001    )
    )
      Defendant.    )
_____)

## <u>COMPLAINT</u>

    1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for

injunctive and other appropriate relief and seeking the disclosure and release of agency records

improperly withheld from the Foundation by the Internal Revenue Service ("IRS").

    2.

**Jurisdiction and Venue**

3.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. §

552(a)(4)(B).

4.      Plaintiff Life Extension Foundation (the "Foundation") is a public charity located

in Fort Lauderdale, Florida. It was established in 1977, and received recognition as a public

charity described in 26 U.S.C. § 501(c)(3) in 1978, with a charitable purpose of supporting and

furthering scientific research for the benefit of all.

5.      The IRS is a component entity of the U.S. Department of the Treasury, an agency

within the meaning of 5 U.S.C. § 552(f). The IRS has possession, custody, and control of records

to which the Foundation seeks access.

6.      On January 21, 2009, President Barack Obama issued an Executive Memo

declaring the following policy: "The Freedom of Information Act should be administered with a

clear presumption: In the face of doubt, openness prevails. The Government should not keep

information confidential merely because public officials might be embarrassed by disclosure,

because errors and failures might be revealed, or because of speculative or abstract fears. . . . All

agencies should adopt a presumption in favor of disclosure, in order to renew their commitment

to the principles embodied in FOIA, and to usher in a new era of open Government. The

presumption of disclosure should be applied to all decisions involving FOIA."

**The Foundation's FOIA Request**

7.      By letter dated July 21, 2011, the Foundation submitted its Freedom of

Information Act ("FOIA") request to the IRS for "the examination file with regard to the recent

examination conducted by agents from the Tax Exempt and Government Entities Examination Division in Independence, MO for taxable years 2006, 2007, and 2008." A copy of the request is attached hereto as **Exhibit One**.

**The IRS's Partial Denial of the Foundation's FOIA Request**

8.      By letter dated August 17, 2011, the IRS requested an extension of the response date to September 7, 2011.

9.      By letter dated August 19, 2011, the IRS requested payment of $1,480.00 to cover the cost of processing the FOIA request, stating that this would allow photocopying of approximately 7,400 pages after an allowance of 100 pages at no charge.

10.     By letter dated August 25, 2011, the Foundation submitted payment by check in the amount of $1,480.00 to cover the photocopying costs of the FOIA request.

11.     By letter dated September 28, 2011, the IRS requested an extension of the response date to October 13, 2011.

12.     By letter dated October 27, 2011, the IRS requested an extension of the response date to November 25, 2011.

13.     By letter dated November 10, 2011, the IRS responded to the Foundation's FOIA request by stating that the IRS had identified 329 pages that were responsive to the Foundation's FOIA request, and provided the Foundation with 232 pages withholding 8 pages in part and 97 pages in full.

14.     By letter dated November 10, 2011, the IRS identified 5 U.S.C. §552(b)(3), 5 U.S.C. §552(b)(5), and 5 U.S.C. §552(b)(7)(D) as the FOIA exemptions relied upon to withhold the 8 pages in part and 97 pages in full, without identifying the number of pages or types of documents under each exemption. A copy of the IRS's letter is attached hereto as **Exhibit Two**.

3

15.     By letter dated November 10, 2011, the IRS stated that the fee for copying the released documents was $26.40, with a refund in the amount of $1,453.60.

16.     By letter dated December 8, 2011, the Foundation timely appealed to the office of IRS Appeals the IRS's decision to withhold 97 pages from the examination file, pursuant to 5 U.S.C. §552(a)(6)(A). A copy of the Foundation's appeal letter is attached hereto as **Exhibit Three**.

17.     By letter dated January 20, 2012, the IRS denied the Foundation's appeal and additionally asserted FOIA exemptions under 5 U.S.C. §552(b)(3), in conjunction with 26 U.S.C. § 6103(b)(2) and 5 U.S.C. § 552(b)(7)(E), to withhold the requested documents. A copy of the IRS's denial of appeal letter is attached hereto as **Exhibit Four**.

18.     The Foundation has exhausted all applicable administrative remedies with respect to its FOIA request.

## COUNT I – Violation of 5 U.S.C. § 552

19.     The Foundation hereby re-alleges paragraphs 1 through 17 as if fully stated herein.

20.     The Foundation has a legal right to the 97 pages that have been withheld by the IRS, and there is no valid legal basis for the denial by the IRS of said right.

21.     The IRS is wrongfully withholding records requested by the Foundation pursuant to 5 U.S.C. § 552.

## Requested Relief

WHEREFORE, the Foundation prays that this Court:

A.  Order the IRS to disclose the requested 97 pages of withheld records in their entireties and make copies available to the Foundation;

4

B.  Order the IRS to conduct another search for additional responsive records;

C.  Provide for expeditious proceedings in this action;

D.  Award the Foundation its costs and reasonable attorneys fees incurred in this action as

provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

E.  Grant such other relief as the Court may deem just and proper.


Dated: February 16, 2012.                      Respectfully Submitted,


                                               _____
                                               James N. Markels (D.C. Bar #982476)
                                               Nancy Ortmeyer Kuhn (D.C. Bar #471113)
                                                    (*pro hac vice pending*)
                                               JACKSON & CAMPBELL, P.C.
                                               1120 Twentieth Street, N.W.
                                               South Tower, Third Floor
                                               Washington, D.C. 20036
                                               Phone: (202) 457-1600
                                               Facsimile: (202) 457-1678
                                               jmarkels@jackscamp.com


2006568v.1