## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIFE EXTENSION FOUNDATION , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-280 (RJL) |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## LIFE EXTENSION FOUNDATION'S OPPOSITION TO THE INTERNAL REVENUE
## SERVICE'S MOTION FOR SUMMARY JUDGMENT, AND CROSS-MOTION FOR
## SUMMARY JUDGMENT AND *IN CAMERA* REVIEW OF WITHHELD DOCUMENTS

Plaintiff Life Extension Foundation ("LEF"), a charitable 501(c)(3) organization

dedicated to the development of health sciences, is currently being audited by the Defendant

Internal Revenue Service ("IRS") for the years of 2006, 2007, and 2008. LEF submitted a

request to the IRS for its examination file pursuant to the Freedom of Information Act ("FOIA").

In response, the IRS initially identified 329 pages of documents as responsive to LEF's FOIA

request. The IRS has released 240 pages in full or in part (including 8 pages during the course of

this litigation), and withheld 89 pages in full (the "Withheld Documents"), claiming that 22

pages were unresponsive, and that the remaining 67 pages were subject to several exemptions

under 5 U.S.C. § 552(b).

After exhausting its administrative remedies, LEF brought this suit to compel the IRS to

release those portions of the Withheld Documents that contain the factual basis for the IRS's

audit—information that LEF is entitled to despite the IRS's stated exemptions. The IRS has not

offered the Withheld Documents to this Court for inspection, and has not provided sufficient

information about those documents in order for it to prove its burden under FOIA that the

documents are subject to any exemption; thus, LEF is entitled to summary judgment.
Alternatively, since the number of documents at issue is small, LEF requests that this Court
review the Withheld Documents in camera and order disclosure of those documents or
information therein that this Court determines are not subject to the IRS's claimed exemptions.

## I.     LEF's Responses to the IRS's Statement of Undisputed Facts

1.     Admit

2.     Admit

3.     Admit

4.     Plaintiff denies this factual assertion due to a lack of knowledge. However, LEF has
       no reason to challenge the stated work history of Mr. Danish with the IRS. LEF does
       not know Mr. Danish's familiarity with all of the documents at issue in this lawsuit.

5.     LEF denies this factual assertion due to a lack of knowledge, but does not challenge
       the assertion.

6.     LEF denies this factual assertion due to a lack of knowledge, but does not challenge
       the assertion.

7.     LEF denies this factual assertion due to a lack of knowledge.

8.     LEF denies this factual assertion due to a lack of knowledge.

9.     LEF denies this factual assertion due to a lack of knowledge. LEF admits that the IRS
       initially released 224 pages in full and eight pages in part, withholding eight pages in
       part and 97 pages in full.

10.    LEF denies this factual assertion due to a lack of knowledge. However, LEF has no
       reason to challenge the stated work history of Mr. King with the IRS's Office of

Chief Counsel. LEF does not know Mr. King's responsibilities with regard to this lawsuit.

11. LEF denies this factual assertion due to a lack of knowledge. LEF has no knowledge regarding Mr. King's and Mr. Danish's thought processes.

12. LEF denies this factual assertion due to a lack of knowledge.

13. LEF denies this factual assertion due to a lack of knowledge. LEF has no knowledge of the content of documents that have not been released to LEF as part of this FOIA request and lawsuit. Specifically, LEF denies the IRS's recharacterization of 22 pages as not responsive to the FOIA request due to a lack of knowledge of the content of the documents. LEF denies the IRS's characterization of pages 018, 113, 156, 223-233, and 235-242 as documents that should have been excluded from the initial search of plaintiff's examination file due to a lack of knowledge of the content of the documents that have not been released.

14. LEF denies this factual assertion due to a lack of knowledge. LEF admits that the IRS released an additional eight pages to LEF on July 16, 2012. LEF alleges that the pages were not numbered and so LEF cannot confirm that the IRS's assertion is accurate regarding the specific page numbers released. LEF admits that a page almost identical to page 015 was released on July 16, 2012, with additional information released but without the page number. LEF admits that a fax cover sheet from Jim Brophy to the POA Unit dated July 23, 2009, referencing Forms 2848 and 8821, was released to LEF on July 16, 2012.

15. LEF admits that the IRS released 232 pages in full and eight pages in part in its initial response. LEF denies the remainder of this factual assertion due to a lack of

knowledge. LEF denies the IRS's characterization of the "relevant exemptions to FOIA" due to a lack of knowledge of the content of the 67 documents withheld in full. LEF asserts that the 22 documents alleged to be "outside the request" should be released as well.

16.  LEF admits that the IRS withheld four pages by assertion of FOIA exemption (b)(3) in conjunction with 26 U.S.C. §6103(a). LEF does not admit that the FOIA Exemption (b)(3) is legal justification for withholding said documents due to a lack of knowledge of the content of the documents withheld.

17.  LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld.

18.  LEF admits that this is a correct statement of the statutory provisions referenced.

19.  LEF denies this factual assertion due to a lack of knowledge of the thought process and conclusions of Mr. King.

20.  LEF admits that the IRS withheld fifty-two pages in full and four pages in part by assertion of FOIA exemption (b)(5). LEF does not admit that FOIA Exemption (b)(5) is legal justification for withholding said documents due to a lack of knowledge of the content of the documents, or portions of documents, withheld.

21.  LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld.

22.  LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld.

23.  LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld.

24.   LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld.

25.   LEF denies this factual assertion due to a lack of knowledge of the content of the portions of the documents withheld.

26.   LEF denies this factual assertion due to a lack of knowledge of the content of the portions of the document withheld.

27.   LEF denies this factual assertion due to a lack of knowledge of the content of the portions of the document withheld.

28.   LEF denies this factual assertion due to a lack of knowledge of the content of the portions of the documents withheld.

29.   LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld in full or in part.

30.   LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld.

31.   LEF denies this factual assertion as an over-broad statement, and asserts that the documents properly redacted to withhold only information that is actually within the applicable FOIA exemption would not expose the decision-making processes of the IRS, and would not undermine the IRS's personnel and their ability to perform their responsibilities and duties. LEF asserts that its interest in confirming the accuracy of any factual statements and assumptions outweighs the IRS's concern regarding the decision-making processes, if the documents are appropriately redacted.

32.   LEF denies this factual assertion due to a lack of knowledge of the content of the documents, or portions of the documents, withheld. LEF denies the IRS's legal

conclusion stated as a factual finding. LEF asserts that the decision regarding the applicability of the attorney-client privilege and Exemption (b)(5) will be made by this Court after an objective *in camera* review of the contents of the documents.

33.    LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld.

34.    LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld.

35.    LEF denies this factual assertion due to a lack of knowledge of the content of the portions of the documents withheld.

36.    LEF denies this factual assertion due to a lack of knowledge of the content of the documents, or portions of documents, withheld. LEF denies the IRS's legal conclusion, contained in the final sentence of this paragraph, stated as a factual finding. LEF asserts that the decision regarding the applicability of the attorney-client privilege will be made by this Court after an objective *in camera* review of the contents of the documents.

37.    LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld. LEF admits that FOIA exemption (b)(7)(D) provides protection for "records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis . . ." 5 U.S.C. § 552(b)(7)(D) (2000).

38.    LEF denies this factual assertion due to a lack of knowledge of the content of the documents withheld. LEF denies that the IRS's determination to withhold the

documents in total is justified, and asserts that the sensitive information could be

redacted from the documents and the remaining portions released. LEF asserts that

the determination regarding whether the documents were properly withheld will be

made by this Court after an objective review of the contents of the documents.

39.     LEF admits that Mr. King did not discuss the content of Pages 267 – 277 in his

publicly filed declaration. LEF denies the assertion that Mr. King described the

documents in detail in an *in camera* declaration due to a lack of knowledge of the

content of the declaration.

40.     LEF denies this factual assertion due to a lack of knowledge of the content of the *in

camera* declaration filed with the Court.

41.     LEF further denies any averments of fact not otherwise expressly admitted to.

## II.      LEF's Affirmative Statement of Undisputed Material Facts.

1.      The IRS has not submitted a Vaughn Index or Vaughn affidavits in this case as

described in *Vaughn v. United States*, 936 F.2d 862 (6th Cir. 1991).

2.      Pursuant to LEF's FOIA request, the IRS produced a redacted version of a document

entitled "EO Workpaper Summary Continuation Sheet," a true copy of which is

attached hereto as **Exhibit A**.

3.      An accurate version of a blank Form 211, as used by the IRS at all times relevant to

this case, is attached hereto as **Exhibit B**.

## III.     Argument

The IRS has not provided sufficient information in order to qualify for any of the claimed

exemptions under 5 U.S.C. § 552(b), and thus this Court should deny the IRS's request for

summary judgment, grant summary judgment to LEF, and order the release of the Withheld

Documents in full. Alternately, this Court should review all of the Withheld Documents *in camera*, redact specific line items that are within the stated exemptions under 5 U.S.C. § 552(b), and release the redacted documents to LEF.

### a.   *Summary Judgment Standard.*

In litigation under FOIA, as with all litigation, summary judgment is appropriate when the pleadings and declarations demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), Fed. R. Civ. P. 56(c). Agency decisions to "withhold or disclose information under FOIA are reviewed *de novo.*" *Judicial Watch, Inc. v. U.S. Postal Service*, 297 F. Supp. 2d 252, 256 (D.D.C. 2004). "In ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed." *Mori v. Dep't of the Navy*, 731 F. Supp. 2d 43, 46 (D.D.C. 2010).

Courts have noted the "peculiar posture" that FOIA cases present, as "the plaintiff is handicapped . . . by the fact that only the agency truly knows the content of the withheld material." *Jones v. Federal Bureau of Investigation*, 41 F.3d 238, 242 (6th Cir. 1994). Without *in camera* review of the withheld documents, "even the Court does not know."[1] *Id.* Where there are not "hundreds or even thousands" of documents at issue, *in camera* examination of the documents being withheld is appropriate. *See Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C. Cir. 1973); *Ingle v. Dep't of Justice*, 698 F.2d 259, 267 (6th Cir. 1983) (citing considerations such as judicial economy, evidence of agency bad faith, strong public interest, and consent of the parties). Where the documents at issue are numerous, in an effort to "level this unequal playing field" without unduly taxing court resources, *Jones*, 41 F.3d at 242, courts have resorted to the

---

[1] FOIA gives this Court the power to review documents *in camera.* 5 U.S.C. § 552(a)(4)(B).

use of a Vaughn Index or equivalent affidavits pursuant to *Vaughn v. United States*, 936 F.2d 862 (6th Cir. 1991), which are supposed to provide enough information about withheld information that "enables the court to make a reasoned, independent assessment of the claims of exemption." 936 F.2d at 867.

Here, only 89 documents are at issue, which makes this case appropriate for *in camera* review of the disputed documents by this Court to determine whether any of the documents are subject to the IRS's stated exemptions, as analyzed *infra*.

### b.   *The Freedom of Information Act's Exemptions.*

FOIA generally requires complete disclosure of requested agency information unless that information falls into one of FOIA's nine narrowly-construed exemptions. 5 U.S.C. § 552(b); *and see, U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980) ("The clear purpose of the FOIA is to assure that the public has access to all government documents, subject to only nine specific limitations, to be narrowly interpreted, which Congress decided were necessary to protect our national interest and permit the efficient operation of the government."). "[T]he strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

For the IRS to prevail on a claim of exemption, it must "prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978). The onus is on the IRS to provide sufficient information to allow this Court to make its determination as to the applicability of each claimed exemption—either

through *in camera* review of the Withheld Documents or a Vaughn Index. *Coastal States Gas Corp.*, 617 F.2d at 861.

Most importantly, even where a particular exemption applies, the IRS must demonstrate that all non-exempt information has been segregated and disclosed. *Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1116 (D.C. Cir. 2007); *Shurberg Broadcasting of Hartford v. Federal Communications Comm'n*, 617 F. Supp. 825, 828 (D.D.C. 1985). A segrability determination is absolutely essential to any FOIA decision. *See Summers v. U.S. Dep't of Justice*, 140 F.3d 1077, 1081 (D.C. Cir. 1998).

### c. The IRS Has Not Proven That 22 Documents Are "Outside The Scope" Of LEF's FOIA Request.

The IRS initially determined that Pages 018, 113, 156, 223-33, and 234-42 were responsive to LEF's FOIA request. Later, it claimed that those pages were outside the scope of the request. However, after this litigation was initiated, the IRS acknowledged that one of those pages, Page 234, actually *was* responsive after all and produced it in full. The IRS has not provided those documents to this Court for *in camera* inspection, nor has it provided a Vaughn Index or affidavits as described in *Vaughn v. United States*, 936 F.2d 862 (6th Cir. 1991). Given the small number of documents at issue, it is appropriate under *Vaughn v. Rosen* for this Court to inspect those 22 documents *in camera* to determine whether they are, in fact, outside the scope of LEF's FOIA request, and to order the production of any part or all of those documents that are, in fact, responsive.

### d. The IRS Improperly Withheld Documents Under FOIA Exemption 3.

Under Exemption 3 of FOIA, the IRS may withhold documents "exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular

criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. §

552(b)(3). Here, the IRS has withheld four documents (pages 150-53) in full on the basis that 26

U.S.C. § 6103(a) protects against the disclosure of the tax returns of a person or entity other than

the requester (LEF),[2] and has withheld 11 documents (pages 267-77) in full and two documents

(pages 02 and 265) in part on the basis that disclosure would impair tax administration under 26

U.S.C. § 6103(e)(7).

      While it is clear that 26 U.S.C. § 6103 qualifies as a "statute meeting the requirements of

exemption 3[,]" this Court must still determine whether the withheld information qualifies for

exemption. *Moody v. Internal Revenue Service*, 1980 U.S. Dist. LEXIS 10461, *10 (D.D.C.

1980), *remanded to* 654 F.2d 795 (D.C. Cir. 1981).

          *1.  The IRS Has Not Proven That It Properly Withheld Documents Under 26 U.S.C. § 6103(a).*

      Section 6103(a) provides in relevant part: "Returns and return information shall be

confidential, and except as authorized by this title . . . no officer or employee of the United States

. . . shall disclose any return or return information obtained by him in any manner in connection

with his service[.]" 26 U.S.C. § 6103(a). There are exceptions to this rule. For example, a person

can waive confidentiality of their tax records and permit disclosure to themselves, a designee, or

third parties pursuant to 26 U.S.C. § 6103(c).

      The IRS claims that pages 150-153 "consist of parts of the actual returns of taxpayers

other than [LEF]" that are plainly within the ambit of 26 U.S.C. § 6103(a). Def. MSJ at 11. But

without actually looking at the documents, it is impossible to tell if that is, in fact, the case. In

addition, the IRS does not mention whether these purported third-party taxpayers executed

waivers pursuant to 26 U.S.C. § 6103(c) that would permit disclosure. *Moody*, 1980 U.S. Dist.

---

[2] The IRS does not claim that pages 150-153 should be withheld under 26 U.S.C. § 6103(e)(7), which precludes disclosure that would "seriously impair Federal tax administration."

LEXIS 10461, *12. LEF respectfully requests this Court do an *in camera* inspection of those documents to determine whether the IRS's representation is true and the documents qualify for exemption. LEF also requests that the Court require information from the IRS regarding any waiver of confidentiality by the third-party taxpayers under Section 6103(c), prior to any grant of summary judgment.

2. *The IRS Has Not Proven That It Properly Withheld Documents Under 26 U.S.C. § 6103(e)(7).*

Section 6103(e)(7) allows the inspection or disclosure of tax return information if the Secretary of the Treasury "determines that such disclosure would not seriously impair Federal tax administration." 26 U.S.C. § 6103(e)(7). The IRS has not offered Pages 267-77, nor the redacted portions of 02 and 265, for review, providing only an *in camera* declaration that purports to describe the documents in some detail. *See* Declaration of Carlton W. King, ¶ 17. As a result, it will be difficult for this Court to determine that the information in the documents would truly impair tax administration. Summary judgment is inappropriate until *in camera* review, by this Court, of the Withheld Documents is performed.

It is even more difficult for LEF to contest the IRS's stated position when it does not know the subject matter of the documents nor the IRS's argument for how the subject matter of those documents qualifies for exemption under Section 6103(e)(7). At most, LEF can surmise that disclosure of Pages 267-77 has been argued to impair tax administration on the basis that they contain information about an allegedly confidential informant, which would also be precluded from disclosure under 5 U.S.C. § 552(b)(7)(D). *See* Def. MSJ at pp. 19-21. As will be argued *infra*, those documents are not protected under Exemption (7)(D) because there is no evidence of an express or implied assurance of confidentiality to any such informant. Without

that justification for exemption, the IRS has provided no alternative basis for exemption under

Section 6103(e)(7), and the documents must be disclosed.

### e. The IRS Improperly Withheld Documents Under FOIA Exemption 5.

Exemption 5 of FOIA allows the IRS to withhold records or information that "would not

be available by law to a private party in litigation with the agency." 5 U.S.C. § 552(b)(5). Courts

have recognized three types of Exemption 5 withholdings: the deliberative process privilege, the

attorney-client privilege, and the attorney work product doctrine. *See Coastal States Gas Corp*,

617 F.2d at 862. Here, the IRS invokes the deliberative process privilege and the attorney-client

privilege. *See* Defendant's Motion for Summary Judgment ("Def. MSJ") at 14-19.

### 1.   *The IRS Misapplies The Deliberative Process Privilege.*

The deliberative process privilege exists to prevent injury to agency decision-making.

*NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 151 (1975). However, the IRS is not entitled to a

presumption of harm. *Mead Data Central, Inc. v. Dep't of the Air Force*, 566 F.2d 242, 258

(D.C. Cir. 1977). Rather, the IRS must show specific and detailed proof that disclosure would

compromise the purposes of FOIA. *Id.*

In order to withhold information pursuant to the deliberative process privilege, the IRS

must demonstrate that the information would "reveal 'advisory opinions, recommendations and

deliberations comprising part of a process by which governmental decisions and policies are

formulated." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). Further, the information

must be "predecisional and it must be deliberative" and "not shield documents that simply state

or explain a decision the government has already made or protect material that is purely factual,

unless the material is so inextricably intertwined with the deliberative sections of documents that

its disclosure would inevitably reveal the government's deliberations." *Id.* (citations omitted);

*and see Playboy Enterprises, Inc. v. Dep't of Justice*, 677 F.2d 931, 935 (D.C. Cir. 1982)

(Exemption 5 "does not protect 'purely factual material appearing in . . . documents in a form

that is severable without compromising the private remainder of the documents.'").

In this case, the IRS alleges the following characterizations of the documents it claims to

withhold under the deliberative process privilege:

- Pages 278-284 constitute a legal memorandum from Mark L. Hulse, Acting Area
  Counsel for the Tax Exempt & Government Entities ("TEGE") division of the IRS, to
  James J. Brophy, an IRS Agent. IRS's Statement of Undisputed Material Facts ("IRS
  Statement"), ¶ 21.

- Pages 285-329 are a Routing and Transmittal Slip from Donna Mayfield Palmer, an
  attorney with TEGE, to Mr. Brophy, attached to a draft of a Form 886A, Explanation
  of Items, that contains "extensive edits and comments" by counsel. IRS Statement, ¶¶
  22-23.

- Portions of Pages 03, 164, 253, and 257 that purport to contain conversations within
  the IRS regarding possible action against LEF. IRS Statement, ¶¶ 25-28.

Assuming, *arguendo*, that the IRS's descriptions of these documents are accurate, the

IRS is still obligated to produce "purely factual" material contained in these documents pursuant

to *Playboy Enterprises*. It is highly likely that the Hulse memorandum contains a fact section, for

example, that would not be protected under the deliberative process privilege. The information

on a Routing and Transmittal Slip, as well as a Form 886A, would also be factual in nature, not

deliberative, apart from any notes or comments that may have been made by counsel. At the

least, the purely factual information on these documents must be produced, in redacted format as

necessary.

14

It is also not clear from the IRS Statement or proffered declarations that these withheld documents are indeed pre-decisional and deliberative in nature. The IRS does not describe when these documents were created—any documents created after the IRS decided to audit LEF would have been post-decisional and not protected under the deliberative process privilege. The IRS has not met its burden of proof based on the information provided, and thus the documents should be disclosed.

2. *The Attorney-Client Privilege Does Not Exempt All Factual Material.*

It is axiomatic that in order to prove that certain documents are exempt from disclosure under the attorney-client privilege, the IRS must show that the information withheld "was communicated to or by an attorney as part of a professional relationship" in providing legal advice, and that the information is "confidential." *Mead Data Central, Inc.*, 566 F.2d at 253.

While Exemption 5 "encourages the free exchange of ideas among government policy makers, . . . it does not authorize an agency to throw a protective blanket over all information by casting it in the form of an internal memorandum." *Bristol-Myers Co. v. Federal Trade Comm'n*, 424 F.2d 935, 939 (D.C. Cir. 1970).

The IRS seeks to apply the attorney-client privilege to the same documents it withheld in whole or in part under the deliberative process privilege, except for Page 253. For the same reasons stated in the previous section, even assuming that the IRS's characterization of the withheld documents is accurate, the IRS must still disclose the purely factual information contained in these documents. It is almost certain that there were factual recitals in the Hulse memorandum, the Routing and Transmittal Slip, and the draft Form 886A that are severable from any legal analysis that may be included. Moreover, given that there are a small number of

documents at issue, this Court should require an *in camera* review of those documents to ensure that they contain confidential attorney-client communications eligible for exemption.

    ***f. The IRS Improperly Withheld Documents Under FOIA Exemption 7(D).***

   Exemption 7(D) exempts from disclosure agency records "compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source, . . . which furnished information on a confidential basis." 5 U.S.C. § 552(b)(7)(D). "[A] source is confidential within the meaning of Exemption 7(D) if the source 'provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.'" *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993) (citation omitted). The IRS bears the burden of proof to show that this exemption applies, *id.* at 171, and is not entitled to a presumption of confidentiality. *Id.* at 181. Declarations that simply recite the statutory standard are insufficient. *Billington v. U.S. Dep't of Justice*, 233 F.3d 581, 584 (D.C. Cir. 2000); *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) ("The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping."). "At the very least the government must indicate where these [express] assurances of confidentiality are memorialized." *Billington*, 233 F.3d at 585.

   An assurance of confidentiality may alternatively be implied depending on the character of the alleged incident that the informant gave information about, and the informant's relation to that incident. *Id.* at 585. "Implied confidentiality analysis proceeds from the perspective of the informant, not the law enforcement agency." *Id.* Confidentiality is typically implied where an informant faces the prospect of violent retribution by the organization under investigation, but not where the organization is nonviolent. *Id.* at 585-86 (holding that an informant who gave information when the National Caucus of Labor Committees was violent and vindictive would

16

have an implied assurance of confidentiality, but there would be no such implication after the NCLC "publicly disavowed violence in favor of seeking change through the political process").

Here, the IRS has made no allegation (in public, at least) that its alleged sources were given an express grant of confidentiality. Such an express grant is unlikely to have occurred, and in fact the opposite occured. One of the pages already produced in redacted form is an "EO Workpaper Summary Continuation Sheet," a copy of which is attached hereto as Exhibit A. This Summary notes that there was a review of "referral information and Form 211." A Form 211 is a standard form used by the IRS for receiving information from informants—a copy of a blank Form 211 is attached hereto as **Exhibit B**. On the second page of the Form 211, it states: "We may disclose [the information on this form] as authorized by 26 USC 6103, including to the subject taxpayer(s) as needed in a tax compliance investigation and to the Department of Justice for civil and criminal litigation." Below that, it states, "Generally, tax returns and return information are confidential, as required by 26 U.S.C. 6103." There are no other statements on that form regarding confidentiality. None of these statements are an express assurance of confidentiality under *Landano*, so any information given through Form 211, or any other document, without an express assurance of confidentiality must be disclosed.

Moreover, there can be no implied assurance of confidentiality given that LEF is a nonviolent charitable research foundation. Pages 267-77 must be disclosed in full.

## CONCLUSION

For the above reasons, Plaintiff Life Extension Foundation respectfully requests that this Court deny the Internal Revenue Service's Motion for Summary Judgment, grant summary judgment to Plaintiff, and order the Internal Revenue Service to disclose all non-exempt information contained in the Withheld Documents to Plaintiff, or, in the alternative, order an *in*

17

*camera* review of the Withheld Documents, and order the Internal Revenue Service to disclose

all non-exempt information therein as determined by this Court.

Respectfully submitted,

LIFE EXTENSION FOUNDATION,
By counsel:

By: */s/ James N. Markels*
James N. Markels
jmarkels@jackscamp.com

*/s/ Nancy O. Kuhn*
Nancy O. Kuhn, *pro hac vice*
nkuhn@jackscamp.com
JACKSON & CAMPBELL, P.C.
1120 Twentieth Street, N.W.
South Tower, Third Floor
Washington, D.C. 20036
Phone: (202) 457-1610
Facsimile: (202) 457-1678